IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT DOMINGUEZ, | : | CIVIL ACTION NO. **1:CV-13-2842** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| GOVERNOR RENDELL, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On November 21, 2013, Plaintiff, Gilbert Dominguez, currently an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Huntingdon, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Plaintiff filed an *in forma pauperis* Motion. (Doc. 2).

Plaintiff essentially claims that beginning in March 2010 and continuing through May 18, 2011, Plaintiff was ordered to be transferred to Michigan by the Interstate Compact Agreement to alleviate prison overcrowding in the Department of Corrections ("DOC"). (Doc. 1). Plaintiff complains that he is a chronic heart patient and was not a candidate to be transferred. (*Id.*). Plaintiff further complains that he had a heart attack in Michigan and had open heart surgery. (*Id.*). Plaintiff alleges that he requested to be transferred back to Pennsylvania because he was being refused medication in Michigan and contracted an infection. Plaintiff alleges that Defendants showed deliberate indifference by not reasonably accommodating his illness.

Plaintiff names the following five (5) known Defendants: Governor Rendell, former Governor of the Commonwealth of Pennsylvania; Jeffrey Beard, former Secretary of the Pennsylvania DOC; Lawler, former Facility Manager; Mary L. Showalter, former HCAC; Karpenski, Liason Representative and unknown Camp Hill Defendants to Plaintiff. (Doc. 1, p. 1). Plaintiff indicates that they are being sued individually and in their official capacity[1]. This Court has jurisdiction over this § 1983 civil rights case pursuant to 28 U.S.C. § 1343(a). (Doc. 1, p. 1).

**II. Allegations of Complaint.**

As stated, Plaintiff names five known Defendants. Plaintiff essentially claims that beginning in March 2010, and continuing until May 18, 2011, Plaintiff was ordered to be transferred to a Michigan institution by the Interstate Compact Agreement to alleviate prison overcrowding in the DOC. (Doc. 1). During that time Plaintiff was a chronic heart patient and complained to those in authority that he was not a candidate to be transferred. (*Id.*). Plaintiff was sent to Michigan and had a heart attack. (*Id.*). Plaintiff was immediately sent to an outside hospital and had open heart surgery in Michigan. (*Id.*). Plaintiff spent three (3) days in the hospital and then was sent back to the Michigan institution where they did not have a proper infirmary to accommodate his recuperation from the operation. (*Id.*). Pennsylvania officials ordered him to be sent from the hospital to the Michigan institution because they did not want to pay for medical services. (*Id.*).

---

[1]To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, we will recommend that Plaintiff's damages claims against the state actor Defendants in their official capacities be dismissed with prejudice.

Plaintiff requested to be transferred back to Pennsylvania because he was being refused medication in Michigan and contracted an infection, but was refused until all transferred inmates were returned to Pennsylvania. (*Id.*). Plaintiff further filed grievances explaining that he was being refused medication and contracted an infection. (*Id.*). Plaintiff does not indicate if he completed the grievance process. Plaintiff alleges that Defendants showed deliberate indifference by not reasonably accommodating his illness.

As relief, Plaintiff requests a "[d]eclaration that Defendants acts have vilated[sic] Plaintiff's constitutional rights and judgment against the Defendants for compensatory damages in excess of 1,000,000. As well as punitive damages, pre judgement interest, Plaintiff's cost and expenses for this litigation, if Plaintiff employ said." (*Id.*, p. 8).

As discussed below, we find that Plaintiff has not stated an Eighth Amendment denial of proper medical care claim as against any Defendant. We find that Plaintiff has not stated an Eighth Amendment claim as against the three prison supervisor Defendants and against Defendant Beard or Rendell, since they are not alleged to have had sufficient personal involvement with the Plaintiff's medical care. We find that these five supervisory Defendants are named only as parties based on *respondeat superior*. Specifically, Plaintiff does not allege that the DOC officials Defendant (Beard) and Defendants, Lawler, Showalter and Karpenski or Defendant Rendell were deliberately indifferent to his serious medical needs and that they failed to have him treated for his condition, *i.e.* his heart condition for which he received surgery and was treated as he admits in his allegations. Plaintiff does not allege that these Defendants prevented him from receiving proper medical treatment in Michigan.

3

We find that Plaintiff has not stated an Eighth Amendment claim as against any Defendant.

**III. PLRA.**

The Prison Litigation Reform Act of 1995[2] (the "PLRA")obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**IV. Section 1983 Standard**.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F.

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

Furthermore, it is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a §1983 case, and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on

supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## V. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

6

> misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## VI. Discussion.

We find that Plaintiff has not stated an Eighth Amendment claim as against the four named supervisory Defendants, and we find that has not stated an Eighth Amendment claim as against Defendant former Governor Rendell.

As the Third Circuit Court stated in *Goodrich v. Clinton County Prison*, 214 Fed. Appx. 105, 112 (3d Cir. 2007) "a supervisor may be personally liable under § 1983 'if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations,' *A.M.*, 372 F.3d at 586 ... ." However, as discussed above, we find that Plaintiff's allegations are insufficient to establish that Rendell, Beard, Lawler, Showalter and Karpenski violated his Eighth Amendment rights since it is not alleged that they were personally involved in Plaintiff's medical treatment or that they knew that the Plaintiff was not treated properly for his medical illness while he was at the prison in Michigan. Plaintiff does not allege that any of the supervisory Defendants failed to supervise any prison employees in deliberate indifference to his serious medical needs. In fact, as stated, Plaintiff does not even allege

7

that any of the five supervisory Defendants had any direct knowledge of his medical condition or treatment in Michigan. Plaintiff clearly states in his allegations that he received surgery and was treated at the hospital while in Michigan.

In short, it is not alleged that the Defendants were aware of any improper medical care to Plaintiff by the prison's medical staff during the relevant time. Further, as the *Goodrich* Court stated, "non-physician defendants cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated" by the prison's medical staff. *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir.1993). There is no allegation that any of the supervisory Defendants had reason to believe that the prison medical staff were not treating Plaintiff appropriately. Furthermore, the Defendants did not have supervisory control over the medical staff at the Michigan institution where Plaintiff was treated.

The *Goodrich* Court also stated:

> A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment and states a cause of action under § 1983 *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment claim has objective and subjective components. First, the prisoner must show that his medical need is, objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citation omitted). Second, he must establish that the prison official acted with subjective deliberate indifference, that is, that the official was aware of a substantial risk of serious harm to the prisoner but disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
>
> A medical need qualifies as "serious" for purposes of Eighth Amendment analysis if, for example, "it is one that has been diagnosed by a physician as requiring treatment." *Monmouth County Corr. Institutional Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987) (quotation and citation omitted). In

addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quotation *111 and citation omitted). A mental illness may constitute a serious medical need. *Inmates of the Allegheny County Jail v. Pierce,* 612 F.2d 754, 763 (3d Cir.1979) ("Although most challenges to prison medical treatment have focused on the alleged deficiencies of medical treatment for physical ills, we perceive no reason why psychological or psychiatric care should not be held to the same standard.).

An inmate can show deliberate indifference" where, for example, "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering." *Lanzaro,* 834 F.2d at 346 (quotation and citation omitted). Alternatively, deliberate indifference" is shown where knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care" or where "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment." *Id.* at 346-47 (quotations and citations omitted). It is clear, however, that allegations of negligence do not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. Finally, "whether or not a defendant's conduct amounts to deliberate indifference has been described as a classic issue for the fact finder." *A.M. ex. rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d 572, 588 (3d Cir.2004) (quoting *Nicini v. Morra,* 212 F.3d 798, 816 (3d Cir.2000) (Rendell, J., dissenting)).

214 Fed. Appx. At 110-111. *See also Ascenzi v. Diaz*, 2007 WL 1031516, *4 (M.D. Pa.).

Furthermore, mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference have consistently held that mere allegations of malpractice do not raise issues of constitutional import...Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White v. Napoleon*, 897

9

F.2d 102, 110 (3d Cir. 1990) (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

As discussed above, we find that Plaintiff has not alleged that Defendants Rendell, Beard, Lawler, Showalter and Karpenski were deliberately indifferent to his serious medical needs or that they failed to treat him. Nor has Plaintiff alleged that these supervisory Defendants failed to have him treated when they personally knew about his heart condition and allegations that he was not receiving the proper medication in Michigan. Plaintiff has not alleged that the conduct of the stated Defendants resulted in an "unnecessary and wanton infection of pain," "thus qualifying his medical needs as 'serious'." *Id*. at 111 (Citing *Lanzaro*, 834 F. 3d at 347).

Furthermore, even if Plaintiff had properly alleged a § 1983 claim, Plaintiff failed to timely file his claim because his claim dates back to March 2010. (Doc. 1, p. 1). According to this Court, the statute of limitations for a § 1983 claim is two years. In *Karchnak v. Swatara Township, et al.*, 540 F. Supp. 2d 540, 545-46 (M.D. Pa. 2008), the Court stated:

> Section 1983 does not contain a statute of limitations for cases brought under its purview. Thus, for § 1983 actions, a court must look to the state statute of limitations for personal injury claims. *Sameric Corp. Of Del., Inc. v city of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. § 5524. Thus, all of Plaintiff's § 1983 claims are subject [to] this two-year statute of limitations.

A cause of action under § 1983 accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp. Of Del., Inc. v city of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). According to Plaintiff's own admission in his

10

Complaint, he was transferred to Michigan in March of 2010 and stayed in Michigan until May 18, 2011. Plaintiff did not file his Complaint until November 21, 2013.

Therefore, we will recommend that Defendants Rendell, Beard, Lawler, Showalter and Karpenski be dismissed with prejudice. Based on the above discussion, we find futility in allowing Plaintiff to amend his Complaint as against Defendants.

## VII.     Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed with prejudice in its entirety. Further, it is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action. Finally, it is recommended that the Court close this case.

>                             s/ Thomas M. Blewitt
>                             **THOMAS M. BLEWITT**
>                             **United States Magistrate Judge**

**Dated: December 13, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT DOMINGUEZ, | : | CIVIL ACTION NO. **1:CV-13-2842** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| GOVERNOR RENDELL, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 13, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**


**Dated: December 13, 2013**