## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERT DOMINGUEZ,** | : | |
| **Plaintiff** | : | **No. 1:13-cv-02842** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **GOVERNOR RENDELL, <u>et al.</u>,** | : | **(Magistrate Judge Blewitt)** |
| **Defendants** | : | |

### <u>ORDER</u>

Pending before the Court is Plaintiff's civil rights complaint (Doc. No. 1), Plaintiff's

motion to proceed <u>in forma pauperis</u> (Doc. No. 2), Magistrate Judge Blewitt's Report and

Recommendation (Doc. No. 7), and Plaintiff's objections thereto (Doc. No. 8).  For the reasons

that follow, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation, and

dismiss Plaintiff's complaint with prejudice.

### I.      BACKGROUND

On November 21, 2013, Plaintiff Gilbert Dominguez, an inmate at State Correctional

Institution at Huntingdon, Pennsylvania, filed a Section 1983 complaint (Doc. No. 1).  In his

complaint, Plaintiff alleges that he was transferred to Muskegon Correctional Facility (MCF-

Muskegon) in Muskegon, Michigan in March 2010 as part of the Interstate Compact Agreement

to reduce overcrowding in the Pennsylvania Department of Corrections.  While Plaintiff was

incarcerated at MCF-Muskegon, he alleges that he had a heart attack and underwent open heart

surgery.  (Doc. No. 1 ¶ 10.)  Plaintiff alleges that he requested a transfer back to Pennsylvania on

the grounds that he was not receiving proper medical care, but he was forced to remain at MCF-

Muskegon until all inmates returned back to Pennsylvania.  (<u>Id.</u> ¶ 13.)  Plaintiff sued the

following defendants in their official and individual capacities: Governor Rendell, former

Governor of Pennsylvania; Jeffrey Beard, former Secretary of the Pennsylvania Department of Corrections; Lawler, former Facility Manager; Mary L. Showalter of HCAC Camphill; and Karpenski, the liaison representative at MCF-Muskegon.  Plaintiff also sued unknown Defendants.  Plaintiffs alleges that Defendants' refusal to transfer him back to Pennsylvania violated his Eighth Amendment right to proper medical care.  (Id. ¶ 40.)

In his Report and Recommendation, Magistrate Judge Blewitt recommends that the Court dismiss Plaintiff's complaint with prejudice, because Plaintiff has not alleged that any of these Defendants were personally involved in the alleged denial of medical care.  (Doc. No. 7 at 3.) Magistrate Judge Blewitt further recommended that the Court deny Plaintiff leave to amend, because Plaintiff's claim dates back to March 2010, and the statute of limitation for a Section 1983 claim is two years.  (Id. at 10.)  Plaintiff timely filed objections.  (Doc. No. 8.)  The matter is now ripe for disposition.[1]

## II.    LEGAL STANDARD

The Prison Litigation Reform Act requires that the Court screen complaints when a prisoner wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) mandates that "the court shall dismiss the case at any time if the court determines that (B) the action  . . . (ii) fails to state a claim on which relief may be granted . . ." 28 U.S.C. §

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

2

1915(e)(2)(B)(ii).  The applicable standard of review is the same as a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  When reviewing the complaint, the Court must construe the plaintiff's allegations in the "light most favorable to the plaintiff."  In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

To successfully state a claim under Section 1983, a plaintiff must allege the following two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a plaintiff of his rights, privileges or immunities secured by the law or the United States Constitution.  Kost v. Kozakiweicz, 1 F.3d 176, 184 (3d Cir. 1993).  Plaintiff has sued Defendants in their official and personal capacities.  Suits against state officials in their official capacity should be treated as suits against the state.  Hafer v. Melo, 502 U.S. 21, 25 (1991).[2]  Accordingly, "[i]ndividual state employees sued in their official capacity are [] entitled to Eleventh Amendment immunity."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (citation omitted).

By contrast, a state official sued in his individual capacity is not entitled to Eleventh Amendment immunity.  Slinger v. New Jersey, 366 F. App'x 357, 360 (3d Cir. 2010) ("[T]he Eleventh Amendment does not bar suits brought against state officials in their individual

---

[2] Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, an official-capacity defendant enjoys the same immunities as the governmental entity.  Id.; see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (noting that a suit against a state official in his official capacity is "no different from a suit against the State itself.").

3

capacities, even if the actions which are the subject of the suit were part of their official duties.")
(citation omitted).  Personal liability under Section 1983 cannot be imposed on a theory of
respondeat superior.  Rather, the plaintiff must allege the state official was personally involved
in the alleged constitutional deprivation.  Shawn by Strain v. Strackhouse, 920 F.2d 1135, 1147
(3d Cir. 1990).  Thus, although liability may be imposed on a defendant if, as a supervisor, she
"participated in violating the plaintiff's rights, directed others to violate them, or, as the person
in charge, had knowledge of and acquiesced in his subordinates violations," the plaintiff must
still allege some personal connection between the defendant and the alleged conduct.  A.M. ex
rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

Plaintiff alleges that Defendants denied him medical care in violation of the Eighth
Amendment.  A prison official's deliberate indifference to an inmate's serious medical needs
constitutes a violation of the Eighth Amendment and states a cause of action under Section 1983.
Estelle v. Gamble, 429 U.S. 97, 104-05.  To state a denial of medical care claim, the plaintiff
must allege: (1) his medical need is "sufficiently serious," and (2) the prison official acted with
subjective "deliberate indifference," that is, the official was aware of a substantial risk of serious
harm to the prisoner but disregarded that risk by failing to take reasonable measures to abate it.
Farmer v. Brennan, 511 U.S. 825, 837 (1994).  For example, deliberate indifference may be
shown when prison authorities deny reasonable requests for medical care, and such denial
exposes the inmate to undue suffering, or when a prison official prevents an inmate from
receiving recommended treatment for serious medical needs.  Monmouth Cnty. Corr.
Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).  Allegations of negligence to
not rise to the level of a constitutional violation.  Estelle, 429 U.S. at 106.  Moreover, a non-

physician defendant cannot be considered "deliberately indifferent simply because [she] failed to respond directly to the medical complaints of a prisoner who was already being treated" by the prison's medical staff.  Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

## III.    DISCUSSION

Magistrate Judge Blewitt recommends that the Court dismiss Plaintiff's claims against Defendants in their individual capacities because Plaintiff has not alleged that Defendants Rendell, Beard, Lawler, Showalter, and Karpenski were personally involved in Plaintiff's medical treatment or that they knew Plaintiff was not treated properly for his medical illness while he was incarcerated at MCF-Muskogeon.[3]  (Doc. No. 7 at 7.)  Thus, because Defendants did not have any "direct knowledge" of the alleged improper medical care, Magistrate Judge Blewitt concluded that Plaintiff cannot hold them liable pursuant to Section 1983's limits on supervisory liability, and Plaintiff's claims should be dismissed.  (Id. at 8.)  Moreover, Magistrate Judge Blewitt also recommends dismissing Plaintiff's complaint without leave to amend because Plaintiff's claim dates back to March 2010, and the statute of limitations for a Section 1983 claim is two years.  (Id. at 10.)

Although Plaintiff's objections are not entirely clear, the Court finds that he appears to object to Magistrate Judge Blewitt's recommendation on the following grounds: (1) Defendant Karpenski had access to all the relevant information concerning Plaintiff's alleged infection, and thus was responsible to notify those in charge (Doc. No. 8 ¶ 14); (2) Defendant Karpenski refused to send Plaintiff to Pennsylvania, and had the authority to notify her superiors (Id. ¶ 16);

---

[3] Magistrate Judge Blewitt also recommends that the Court dismiss Plaintiffs' damages claims against Defendants in their official capacities.  (Doc. No. 7 at 2 n.1.)

(3) Defendant Karpenski was aware of Plaintiff's request, and Defendant Showalter had access to Plaintiff's medical records (Id. ¶ 19); and, (4) Defendants paid for his surgery, and therefore were aware of the problem (Id. ¶ 22).  Plaintiff does not offer any objections concerning Magistrate Judge Blewitt's recommendation that the Court deny him leave to amend on the grounds that his action is barred by the two-year statute of limitations applicable to Section 1983 actions.

The Court finds that Plaintiff's objections are without merit.  In essence, Plaintiff objects that because Defendants had access to information about Plaintiff's alleged plight, the Court should hold them responsible.  (Id. ¶¶ 15-22.)  But this is exactly the type of respondeat superior liability which does not serve as a predicate for individual liability under Section 1983.  See Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d at 586.  Plaintiff does not allege that any of the Defendants had "personal knowledge of his injury and subsequently acted with deliberate indifference."  See Innis v. Wilson, 334 F. App'x 454, 457 (3d Cir. 2009).  Moreover, it is not enough for a plaintiff to argue that a constitutionally cognizable injury "would not have occurred if the superior had done more than he or she did."  Brown v. Muhlenberg Tp., 269 F.3d 205, 216 (3d Cir. 2001) (citation and quotation marks omitted).  Rather, the plaintiff must identify "specific acts or omissions of the supervisor that evidence deliberate indifference."  Id.; see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Plaintiff has not done so.  Accordingly, the Court will overrule his objections, adopt Magistrate Judge Blewitt's Report and Recommendation, and dismiss Plaintiff's complaint with prejudice.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GILBERT DOMINGUEZ,** | : | |
| **Plaintiff** | : | **No. 1:13-cv-02842** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **GOVERNOR RENDELL, et al.,** | : | **(Magistrate Judge Blewitt)** |
| **Defendants** | : | |

**ORDER**

    **AND NOW,** on this 31st day of January 2014, **IT IS HEREBY ORDERED THAT**

Magistrate Judge Blewitt's Report and Recommendation (Doc. No 7) is **ADOPTED**.

    **IT IS FURTHER ORDERED THAT**:

1.    Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**;

2.    Plaintiff's motion to proceed in forma pauperis in this action (Doc. No. 2) is **GRANTED**; and,

3.    The Clerk of Court is directed to close the case.


                            s/ Yvette Kane
                            Yvette Kane, District Judge
                            United States District Court
                            Middle District of Pennsylvania